Ann R. Scott (Formerly Ann R. Philleo) v. Commissioner.
Scott v. Commissioner
Docket No. 2971-70 SC.
United States Tax Court
T.C. Memo 1971-14; 1971 Tax Ct. Memo LEXIS 318; 30 T.C.M. (CCH) 67; T.C.M. (RIA) 71014; January 20, 1971, Filed Ann R. Scott, pro se, 2740 Beauclerc Road, Jacksonville, Fla. Frank B. Metcalf, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1965 in the amount of $161.41. The question is whether certain payments which she received from her former husband were "alimony" within the meaning of section 71 [1] or were, in part, amounts paid for the support of her children. *319 Findings of Fact Ann R. Scott, formerly Ann R. Philleo (hereinafter referred to as petitioner), was a legal resident of Jacksonville, Florida, at the time she filed her petition. She filed her income tax return for 1965 with the district director of internal revenue, Nashville, Tennessee. Petitioner was granted a divorce from her husband, Robert Charles Philleo, by a final decree entered by the Domestic Relations Court for Knox County, Tennessee, on October 9, 1962. The divorce decree awarded the custody of their three children to petitioner and made the following provision for alimony and child support: IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the cross-defendant, Charles Robert Philleo, be directed and shall pay to the cross-complainant as alimony and support and maintenance for the minor children, the sum of Two Hundred Dollars ($200.00) per month for one year beginning October 15, 1962 and each month thereafter, one half of said payment shall be made on the first day of the month and the balance due by the 15th day of the month. On October 1, 1963 the aforesaid monthly payments shall be increased to Two Hundred Fifty ($250.00) Dollars each month. As *320 additional alimony, support and maintenance the cross-defendant is ordered to pay and maintain: (1) the existing payment of $119.00 on the home located at 7101 Shadyland Drive, Knox County, Tennessee, plus City taxes on said home when the same became applicable; (2) monthly payment of $67.17 to the Park National Bank on a loan secured by a 1960 Ford automobile; and (3) all medical and hospital expenses incurred by the three minor children. Further, the cross-defendant shall continue to carry all insurance, life, liability, fire, and hospitalization, now in effect and shall deliver said policies to the cross-complainant with all benefits from life insurance made payable to the cross-complainant and the minor children, for all of which execution is awarded. During 1965, petitioner received $2,800 pursuant to this decree. On May 12, 1967, an order for support was entered by the Circuit Court of Wayne County, Michigan, containing the following: IT IS ORDERED that the said respondent, Robert C. Philleo pay to the office of the Friend of the Court located in the Wayne County Building, 600 Randolph Street, Detroit 26, Michigan, the sum of $100 per month for each child, 68 commencing *321 on the 12th day of May, A.D. 1967, for the support and maintenance of the minor children of said parties to wit: Robert Charles; Barbara Gay, and Randolph Lee, * * *. Respondent determined that the amounts received by petitioner from her former husband during 1965 under the Knox County decree are includable in her income as alimony on the ground that the amount payable as alimony and the amount payable as child support are not separately stated in the decree. Opinion Section 71(a) [2] provides that a wife's gross income includes periodic payments which are commonly referred to as "alimony." This rule is qualified, however, by the following sentence from section 71(b): Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. *322 The issue here stems from the fact that the divorce decree granted petitioner did not divide the monthly payments to be made by her former husband between alimony and child support. Rather it merely directed him to make such payments "as alimony and support and maintenance for the minor children." Since the decree does not "fix" the amount to be paid for child support, all of the payments must be taxed as if they were alimony. This conclusion is required by the interpretation given the language now contained in section 71 by the Supreme Court in , which involved a similar issue. The Supreme Court said (at 303): This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the *323 wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. We must follow this interpretation. See . Since the Knox County decree did not specify the amounts payable each for alimony and child support, all of petitioner's receipts under the decree are taxable as alimony. The Wayne County Circuit Court decree, entered May 12, 1967, is prospective only and does not affect the tax for 1965. Another issue on which testimony was presented at the trial was with respect to the amount of these payments during 1965. The petition refers to such amount as $2,900, and respondent's answer denies this allegation. We think the evidence convincingly shows petitioner's receipts were in the amount of $2,800 rather than $2,900, and we have so found. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩